UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOE VALDEZ, et al.,

        Plaintiffs,

v.                                         Case No. SA:18-CV-0558-JKP

UNITED STATES OF AMERICA,
et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a *Motion to Dismiss to Allow for Plaintiffs to File Their Claims in State Court* (ECF No. 58). The motion is fully ripe and ready for ruling.

## I. BACKGROUND

In May 2017, Plaintiffs commenced a state action in Karnes County, Texas, against Dr. Rayford Mitchell and BR Healthcare Solutions, LLC ("BR"). *See* ECF No. 58-1. In August 2017, the United States of America ("USA") moved to be substituted as a defendant in lieu of Dr. Mitchell and filed a notice of removal. *See* ECF No. 58-2. To allow for Statutory Notice of claims against USA to proceed, the federal court granted USA's motion to dismiss without prejudice on September 20, 2017, *see* ECF No. 58-3, and remanded the case to Karnes County on October 3, 2017, *see* ECF No. 58-4. Eight months later, Plaintiffs filed a notice of non-suit without prejudice. *See* ECF No. 58-5.

Two days following that dismissal, Plaintiffs commenced this medical malpractice action against USA and BR asserting jurisdiction under the Federal Tort Claims Act as to USA and supplemental jurisdiction under 28 U.S.C. § 1367(a) as to BR. *See* Pl.'s Orig. Compl. (ECF No. 1). Just over a year later, Plaintiffs completed the settlement of their claims with USA. *See* Joint

Stip. Dismissal (ECF No. 34). Three months later, Plaintiffs moved to amend their complaint to remove USA as a defendant, which the Court granted while noting that no defendant had filed a response to the motion. *See* ECF Nos. 47, 56.

Because this case lacks any current federal claim, Plaintiffs filed the motion now before the Court on September 25, 2019, arguing that the Court should decline to exercise supplemental jurisdiction over the remaining claims. While agreeing that the matter is within the discretion of the Court, BR urges the Court to retain supplemental jurisdiction based upon its view of the factors to be considered in deciding whether to exercise supplemental jurisdiction. In reply, Plaintiffs' strenuously disagree with BR's assessment of the relevant factors. BR objects that the reply exceeds the ten-page limit established by the local rules and highlights an alleged pattern of Plaintiffs violating local rules. Because it need not consider the reply brief to decide the jurisdictional issue presented, it does not consider the reply brief or BR's objections.

## II. ANALYSIS

Plaintiffs do not identify the legal basis for their motion. Based on the motion and response, the parties agree that resolution of the motion depends on consideration of factors relevant to supplemental jurisdiction under 28 U.S.C. § 1367(a), which ultimately invoke the Court's discretion. Furthermore, the motion clearly reflects that Plaintiffs seek to voluntarily dismiss the remaining claims so that they may proceed with them in state court. Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissals by plaintiffs. Rule 41(a)(1) provides two ways for plaintiffs to voluntarily dismiss an action without court order. Because those two circumstances are absent in this case, Plaintiffs may not voluntarily dismiss this case without court order.

It thus appears that Plaintiffs proceed with their motion under Rule 41(a)(2), which provides that this "action may be dismissed at the plaintiff's request only by court order, on terms

that the court considers proper."[1] A dismissal under Rule 41(a)(2) is without prejudice unless the court orders otherwise. Fed. R. Civ. P. 41(a)(2). This rule essentially invokes the Court's discretion, which includes whether dismissal is warranted at all, whether the dismissal should be with or without prejudice, and what terms the court deems proper for a warranted dismissal. *See United States v. $13,275.21, More or Less, in U.S. Currency*, No. SA-06-CA-171-XR, 2007 WL 316455, at *5 (W.D. Tex. Jan. 31, 2007). Given the briefing in this case, that discretion also appears intertwined with the discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367(c). *See Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (per curiam) (recognizing that whether to exercise supplemental jurisdiction is within discretion of trial courts).

By its terms, § 1367(c) provides four alternate reasons that a court may invoke to "decline to exercise supplemental jurisdiction over a claim":

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

When determining whether a court has abused its discretion in retaining or declining supplemental jurisdiction over State claims, the Fifth Circuit has considered these enumerated reasons as statutory factors to be balanced with the common law factors of "judicial economy, convenience, fairness, and comity" identified in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7

---

[1] When "a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Because there is no counterclaim asserted in this action, *see* First Am. Answer (ECF No. 63), this portion of Rule 41(a)(2) has no applicability here.

(1988). *See*, *e.g.*, *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161-62 (5th Cir. 2011); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008); *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002).

However, Circuit Judge Prado noted in his dissent in *Enochs* that the Fifth Circuit's "practice of engaging in § 1367(c) 'balancing' has no foundation in the statute's text, [the Circuit's] own precedent, or in the practice of [other] circuits" and errs in following a "more recent line of cases" rather than the earlier line of Fifth Circuit decisions. *See Enochs*, 641 F.3d at 164–66 (Prado, J., dissenting). Judge Prado makes apt observations regarding statutory construction as well as citing two prior cases that applied only the common law factors. *See id.* At least two earlier cases also support Judge Prado's position. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585-87 (5th Cir. 1992) (balancing common law factors when all federal claims had been dismissed); *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307-08 (5th Cir. 1991) (same). Notably, although *Parker & Parsley* did mention a novel issue of state law as a factor, it did not do so with reference to § 1367(c)(1), but instead did so in the context of the common law factors.

In its per curiam affirmance in *Heggemeier*, the Fifth Circuit merely applied the common law factors "after § 1367(c)(3) has been satisfied." 826 F.3d at 872. Such practice is consistent with the statute and the earlier line of cases that only balances the common law factors after one of the reasons listed in § 1367(c) is satisfied. Of course, because the common law factors existed prior to the enactment of § 1367 in 1990, they naturally take into consideration the listed reasons. Nevertheless, the process for the district courts is to first determine whether a basis exists to decline supplemental jurisdiction over a claim or claims under § 1367(c), and if so, then balance the common law factors in deciding whether to exercise or decline to exercise supplemental ju-

risdiction. Such balancing naturally includes factoring in the reason that prompted consideration of the common law factors.

In this case, a settlement between Plaintiffs and USA resolved all claims over which this Court had original jurisdiction and Plaintiffs have amended their complaint to remove that defendant and the federal claims. Arguably, these actions are the functional equivalent of the Court dismissing the claims against USA. Under such argument, § 1367(c)(3) would be satisfied and whether to retain supplemental jurisdiction over asserted state claims against the sole remaining defendant would lie within the Court's discretion. "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier*, 826 F.3d at 872 (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). When exercising their discretion after § 1367(c)(3) has been satisfied, courts rely on the common law factors. *See id.* (citing *Enochs*, 641 F.3d at 158–59). And given those factors, the Fifth Circuit has "elucidated the general rule that 'a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Id.* (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)).

However, Plaintiffs voluntarily amending their complaint is not "analogous to a district court dismissal" of the federal claims. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam). The Supreme Court has held that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). Withdrawal of jurisdictional allegations will defeat jurisdiction "unless they

are replaced by others that establish jurisdiction." *Id.* at 473.[2] The Fifth Circuit has long held that "in a case of original federal question jurisdiction in which the plaintiff, rather than the defendant, is invoking the jurisdiction of the federal court . . . the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507-08 (5th Cir. 1985). "In this case, once the amended complaint was accepted by the district court, the original complaint was superceded and there was no longer a federal claim on which the district court could exercise supplemental jurisdiction for the remaining state law claims." *Pintando*, 501 F.3d at 1243.

Plaintiffs' amended complaint completely alters the jurisdictional landscape, renders the parties' briefing mostly immaterial, and divests this Court of jurisdiction over any remaining claims. Regardless of the parties' briefing, the question is not whether the Court should exercise or decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367, but whether there is any current basis for federal jurisdiction. Similarly, while Fed. R. Civ. P. 41(a) appears to be the vehicle Plaintiffs invoked to present their motion, the Court instead looks to Fed. R. Civ. P. 12(h)(3), which mandates dismissal of this action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). Courts "must presume that a suit lies outside

---

[2]The Supreme Court distinguished cases removed to federal court by noting that such "cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." 549 U.S. at 474 n.6.

this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

With respect to the claims remaining in this action, Plaintiffs' amended complaint only provides jurisdictional allegations related to § 1367. *See* ECF No. 57. But there is no current federal claim upon which supplemental jurisdiction may attach. Therefore, pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss this action for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court determines that, due to Plaintiffs' filed amended complaint that removes the United States of America as a defendant and all asserted federal claims from this action, the Court lacks subject matter jurisdiction over this action. Accordingly, pursuant to Fed. R. Civ. P. 12(h)(3), the Court **DISMISSES** this action without prejudice. While this dismissal effectively grants Plaintiffs the relief sought through their motion, albeit on different grounds, the Court issues no ruling on the *Motion to Dismiss to Allow for Plaintiffs to File Their Claims in State Court* (ECF No. 58). Nevertheless, the dismissal of the claims formerly asserted under 28 U.S.C. § 1367(a) invokes the tolling provision of § 1367(d) as to applicable periods of limitations.

SIGNED this 21st day of November, 2019.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE